IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV168-03-MU

| | |
|---|---|
| LEE JUNIOR BLOUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed April 16, 2008. (Document No. 1. )

Plaintiff's alleges the North Carolina Statute, under which he was sentenced, is unconstitutional as applied to him. Specifically, he alleges that as a result of the sentencing statute, he is serving approximately 30 additional months in custody. Although he asks for a declaratory judgment that N.C.G.S. 15A-1340 as applied to him violates the Ex Post facto Clause of the Constitution, by implication, he is also challenging the duration of his sentence..

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. However, a 1983 action is not the appropriate vehicle to address Plaintiff's claim. Claims affecting the fact or duration of confinement generally may not be litigated through a §1983. Heck v. Humphrey, 512 U.S. 477 (1994);[1] Preiser

---

[1] "[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 or Bivens plaintiff must prove that the conviction or sentence has been: (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal, or (4) called into question by a federal court's issuance of a § 2254 writ." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

v. Rodriguez, 411 U.S. 475 (1973). [2]

Since Petitioner's claim regarding the unconstitutionality of the North Carolina sentencing statute would necessarily implicate the fact or duration of Plaintiff's confinement, this Court must dismiss this action as habeas corpus is the exclusive remedy for such a claim. . Id.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**SO ORDERED**.

Signed: April 16, 2008

Graham C. Mullen
United States District Judge

---

[2] Holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.